UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

CARLSON MANCINELLI,

                                              Plaintiff,        Case # 18-CV-324-FPG

v.                                                              DECISION AND ORDER

ANDREW SAUL,[1]
COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.

## INTRODUCTION

On May 17, 2014, and April 1, 2014, Plaintiff Carlson Mancinelli applied for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act (the Act). Tr.[2] 26. After his claims were initially denied, he testified at a hearing before Administrative Law Judge Lynette Gohr (the ALJ) on November 2, 2016, and a supplemental hearing on January 25, 2017. *Id.* The ALJ issued a decision finding Plaintiff not disabled on March 16, 2017. Tr. 26-39. On January 9, 2018, the Appeals Council declined to review the ALJ's decision, thereby rendering it the Commissioner's final decision. Tr. 1-4.

Plaintiff brings this appeal seeking review of that decision. ECF No. 1.[3] Both parties moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 17. For the following reasons, and Plaintiff's Motion is GRANTED and the Commissioner's Motion is DENIED.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is directed to amend the caption to name the current Commissioner of Social Security, Andrew Saul.

[2] "Tr." refers to the administrative record in this matter. ECF No. 8.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

## BACKGROUND

Plaintiff alleges disability beginning on March 5, 2014, based on major depressive and anxiety disorders. Tr. 26, 28.

While conducting the requisite five-step analysis[4] regarding Plaintiff's severe impairments, the ALJ considered Plaintiff's medical records, opinions from Plaintiff's treating sources, his subjective complaints, and his academic performance at a community college from August to December 2015. Tr. 32-36. The ALJ weighed opinions from two treating sources: one from Juliane Reich, a licensed master social worker, and another from Christine Ransom, Ph.D. Tr. 36. The ALJ assigned "little weight" to Ms. Reich's conclusion that Plaintiff's mental health impairments interfered with daily functioning because her assessment was "vague" and contained no function-by-function analysis. *Id.* He then assigned "significant weight" to Dr. Ransom's opinion that Plaintiff's mental health impairments "would not significantly interfere with his ability to function on a daily basis," but also noted that he found the impairments were "somewhat more significant" than Dr. Ransom found. *Id.*

As for Plaintiff's academic performance, the ALJ noted that Plaintiff received "special accommodations" while in school, which included extended time for testing and alternate testing locations. *Id.* She also noted that he achieved a 4.0 grade point average in the fall semester, which she found significant. *Id.*

There was more evidence in the record regarding Plaintiff's time in school that the ALJ did not address. At Plaintiff's first hearing, he testified as to the accommodations he received while at school and his reasons for discontinuing his education. Tr. 359-60. As to the first, he noted that

---

[4] This determines whether a claimant is disabled and, therefore, entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

the testing accommodations were not the only accommodations that he received; a counselor also assisted him with whatever he required. Tr. 360, 368. Despite these accommodations, Plaintiff found school too overwhelming to continue past December 2015. He testified that interactions with kids and frequenting a "bus with noise" consistently overwhelmed him to the point that "when [he] got home from school, [he] was useless. [He] couldn't think." Tr. 359. Significantly, Plaintiff found school overwhelming even though he was taking two classes—totaling four hours—every other day. *Id.*

After hearing Plaintiff's testimony and considering all other relevant evidence, the ALJ found that Plaintiff could perform "the full range of work at all exertional levels" with nonexertional limitations.

## LEGAL STANDARD

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## DISCUSSION

Plaintiff argues that remand is required because, among other things, the ALJ mistakenly found his experience at community college supported the residual functional capacity (RFC)

3

determination when, in fact, it showed that he would be unable to work on a "regular and continuing basis." ECF No. 11-1 at 16-19. The Court agrees and, therefore, does not consider Plaintiff's other arguments.

A claimant's RFC reflects what he "can still do despite . . . [his] limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). An ALJ considers "all of the relevant medical and other evidence" when he determines a claimant's RFC. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

The RFC necessarily reflects the claimant's "capacity for work on a regular and continuing basis." 20 C.F.R. §§ 404.1545(c), 416.945(c); *see also Matta v. Astrue*, 508 F. App'x 53, 56-57 (2d Cir. 2013) (summary order). A "regular and continuing basis" means eight hours per day for five days per week or an "equivalent work schedule." *Melville*, 198 F.3d at 52 (citation omitted).

Finally, ALJs must base their determination on whether a claimant can work on a regular and continuing basis on medical opinions or other relevant evidence. *See Guttierez v. Berryhill*, 333 F. Supp. 3d 267, 271-72 (W.D.N.Y. 2018) (finding the ALJ created a gap in the record when she rejected the only opinion analyzing the claimant's mental ability to work on a regular and continuing basis); *see also Sawicki v. Colvin*, No. 1:13-CV-00681 (MAT), 2016 WL 720940, at *3 (W.D.N.Y. Feb. 24, 2016) ("Records from all of the treating and consulting medical professionals indicate that plaintiff's depression and anxiety affected him to such a large degree that it would be impossible for him to sustain work activity on a 'regular and continuing basis.'").

Here, the Court finds that the ALJ's implicit determination that Plaintiff can work on a regular and continuing basis is not supported by substantial evidence. The record is devoid of medical opinions finding that Plaintiff can work on a regular and continuing basis, and the

nonmedical evidence demonstrates that he cannot do so. The record does show that, at times, Plaintiff relayed to treating sources that his depression and anxiety symptoms were improving, and that he could engage in recreational activities such as biking, exercising, and volunteering. Tr. 35. And Dr. Ransom did opine that Plaintiff's mental impairments would not hinder his ability to function on a daily basis. Tr. 36. Other than that, however, the record is replete with indications that Plaintiff cannot work regularly and continuously. Plaintiff was hospitalized twice for suicide attempts and stopped working because of one of those hospitalizations. Tr. 33, 35. He repeatedly stated that he was overwhelmed by crowds and people and took various steps to avoid both, including shopping and going to a park at times of low traffic. Tr. 353-55, 360. He currently resides in housing with an on-site counselor that he visits two-to-three times per week who assists him with issues on a daily basis, if needed. Tr. 359, 368. Finally, despite his commendable performance at community college, it was too overwhelming for him to continue past the fall semester even though he was attending class for only four hours every other day. Tr. 359-60. And Plaintiff had the support of a counselor and other accommodations while attending school. *Id.*

This evidence demonstrates to the Court that Plaintiff cannot work on a regular and continuing basis. Instead, it shows that Plaintiff's mental impairments have consistently interfered with his ability to maintain a regular work or school schedule. Without some countervailing evidence, the Court is left to conclude that the ALJ's conclusion that Plaintiff can perform the full range of work on a regular and continuing basis is not supported by substantial evidence. On remand, the Commissioner is directed to secure a medical opinion regarding Plaintiff's ability to work on a regular and continuing basis that considers his difficulties with attending school and maintaining a regular, work-like schedule.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 11, is GRANTED, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 17, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 30, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court